UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBERT LEE GRANT,

          Plaintiff,

     -against-

STATE OF NEW YORK, COUNTY OF KINGS,

          Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-5497 (SLT)

**TOWNES, United States District Judge:**

Plaintiff, Robert Lee Grant, who is currently incarcerated at Arthur Kill Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that unnamed court officers pushed him downstairs at an unspecified Brooklyn courthouse. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. However, for the reasons set forth below, plaintiff is directed to amend his complaint within thirty (30) days of the date of this Memorandum and Order.

## *BACKGROUND*

This action arises from an incident which allegedly occurred on September 17, 2007, in which plaintiff was allegedly pushed downstairs shortly after arriving at an unspecified Brooklyn courthouse from Rikers Island. According to plaintiff's complaint, the incident occurred "as [he] stepped off the bus into the court house [*sic*]" (Complaint at ¶ IV). Plaintiff alleges that he "was told to walk toward the stair case [*sic*]" but, because he was both handcuffed and shackled, he approached the staircase slowly. *Id.* An unspecified court officer allegedly grabbed plaintiff's left arm and began to push him forward, down the staircase. *Id.* Plaintiff fell downstairs, sustaining injuries to his groin area, back and neck. *Id.*

On November 12, 2010, plaintiff commenced this action by delivering a copy of a completed form entitled "Civil Rights Complaint 42 U.S.C. § 1983," to prison authorities at Arthur Kill Correctional Facility. Although the caption of plaintiff's complaint lists the defendants as "State of New York, County of Kings," a listing of parties contained in the body of the complaint states that this action is being brought solely against "Court officers, name unknown" (*Id.* at ¶ III). The complaint seeks "both medical and monetary relief" (*id.* at ¶V), and alleges that plaintiff is "still seeking medical treatment for back and neck injur[ies]" sustained in the fall (*id.* at ¶IV.A). However, an inmate grievance attached to the complaint, dated September 14, 2009, appears to relate only to the courthouse incident, even though documents attached thereto make reference to "inappropriate care."

## *DISCUSSION*

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* A court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Although it is possible that plaintiff intended to bring this action against the State of New York and the County of Kings, this Court construes the complaint as naming certain unnamed

court officers as defendants. If this Court were to construe this case as a § 1983 action against the State of New York and/or the County of Kings, it would have to dismiss the action. First, "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity." *Woods v. Rondout Valley Cent. School Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (*citing Lapides v. Bd. of Regents*, 535 U.S. 613, 618-19 (2002)). New York State has not consented to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Sierotowicz v. State of N.Y. Div. of Hous. & Cmty. Renewal*, No. 04-CV-3886, 2005 WL 1397950 at *1 (E.D.N.Y. June 14, 2005). Accordingly plaintiff's claim for monetary damages against New York State would have to be dismissed pursuant to the Eleventh Amendment.[1]

Since Eleventh Amendment immunity "does not extend to suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the State," *Alden v. Maine*, 527 U.S. 706, 756 (1999), it does not extend to counties. *Mancuso v. New York State Thruway Auth.*, 86 F.3d 289, 292 (2d Cir. 1996). However, in order to bring a § 1983 claim against a local governing body, such as a county, a plaintiff must establish that the action that is alleged to be unconstitutional implements or executes a policy or custom of that entity. *Los Angeles County, Cal. v. Humphries*, ___U.S.___, 2010 WL 4823681, at *6 (Nov. 30, 2010);

---

[1] Although plaintiff alleges that he is "still seeking medical treatment for back and neck injur[ies]" incurred during his fall, this Court does not construe plaintiff's complaint as attempting to allege an Eighth Amendment violation. Plaintiff makes this allegation in the section of the form complaint which requests information concerning plaintiff's injuries, not in the section denoted "Statement of Claim." Further, plaintiff does not name any prison personnel as defendants, or otherwise discuss his medical treatment. Moreover, before bringing a § 1983 claim alleging that prison personnel violated his Eighth Amendment rights, plaintiff would need to exhaust his administrative remedies. *See* 28 U.S.C. 1997e(a).

*Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978)). Plaintiff fails to allege any facts to show that a policy or custom of Kings County deprived him of a constitutional right. Thus, the complaint would also have to be dismissed against the County of Kings.

Neither the Eleventh Amendment nor *Monell*, however, poses an obstacle to bringing a §1983 claim against corrections officers or court officers acting in their individual capacity. *See, e.g., Palmer v. Richards*, 364 F.3d 60 (2d Cir. 2004) (a § 1983 action alleging excessive force by a corrections officer): *Barnes v. Anderson*, 202 F.2d 150 (2d Cir. 1999) (a § 1983 action alleging excessive force by court officers in New York City Housing Court); *King v. Macri*, 993 F.2d 294 (2d Cir. 1993) (a §1983 action alleging excessive force by uniformed court officers employed by New York State). Moreover, the fact that plaintiff did not have an opportunity to see precisely who pushed him is not an impediment to bringing this action. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), this Court can request the Attorney General of the State of New York and/or the Corporation Counsel of the City of New York to ascertain the full names of the defendant officers.

However, plaintiff's complaint does not provide enough information to enable this Court to issue a *Valentin* order. First, although the inmate grievance attached to plaintiff's complaint alleges that the fall occurred at "the Brooklyn Court," plaintiff does not specify which court. This Court will take judicial notice that there are several courts in Brooklyn. It is also unclear whether plaintiff's fall occurred "as [he] stepped off the bus" (Complaint at ¶ IV), or at some point thereafter. The location of the steps down which plaintiff fell may assist in determining whether the officer who allegedly pushed him was a court officer or an employee of the New York City Department of Corrections.

4

In addition, the Court is not entirely certain when the incident allegedly occurred. Plaintiff's "Statement of Claim," which constitutes paragraph IV of the complaint, states that the fall occurred on September 17, 2007. However, the inmate grievance which plaintiff filed with respect to this incident is dated September 14, 2009. Since grievances must be filed shortly after the incident giving rise to the grievance, this Court is uncertain whether the fall occurred in 2009 or whether plaintiff actually waited over two years before filing this grievance. Similarly, this Court is uncertain whether plaintiff filed his state court action on the day this incident occurred or exactly two years later.[2]

## *CONCLUSION*

For the reasons stated above, plaintiff is directed to amend his complaint within thirty (30) days of the date of this Memorandum and Order. The amended complaint shall be entitled, "Amended Complaint," and shall bear the same docket number as this Memorandum and Order. Assuming that plaintiff intends to sue certain unnamed, male Court Officers, he shall name "Court Officers John Doe 1-10" as the defendants in this action. In addition, plaintiff shall amend his Statement of Claim to indicate, at a minimum, (1) the name and/or location of the Brooklyn Court at which he fell; (2) the date and approximate time of the fall and (3) whether the staircase on which he fell was located on the bus or in the courthouse. Plaintiff may also wish to clarify the nature and status of his state court action before Judge Schweitzer.

---

[2] If this incident occurred on September 17, 2007, this action may be time-barred. The statute of limitations for a §1983 action arising in New York is three years. *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir.1994). In most cases, a cause of action under § 1983 accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir.2002) (internal quotation marks omitted).

No summonses shall issue at this time and all further proceedings shall be stayed pending plaintiff's submission of his amended complaint. If plaintiff timely complies with this Memorandum and Order, the Court may issue a *Valentin* order, requesting the Attorney General of the State of New York and/or the Corporation Counsel of the City of New York to ascertain the full names of the defendant officers. However, if plaintiff fails to file his amended complaint within the time allowed, this Court may dismiss this action without further notice to plaintiff. This Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: December 23, 2010
Brooklyn, New York