FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 17 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ROBERT LEE GRANT,

                Plaintiff,

-against-

STATE OF NEW YORK, COUNTY OF KINGS,

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-5497 (SLT)

**TOWNES, United States District Judge:**

In November 2010, plaintiff, Robert Lee Grant, commenced this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that unnamed officers pushed him downstairs at an unspecified Brooklyn courthouse on September 17, 2007, and principally seeking money damages.[1] Since plaintiff's complaint stated that the incident took place shortly after he arrived by bus from Rikers Island, the officers were employees of either the State of New York or the City of New York. Accordingly, on January 28, 2011, Magistrate Judge Viktor V. Pohorelsky issued a *Valentin* order requesting the assistance of both the Attorney General of the State of New York and the Corporation Counsel of the City of New York in identifying the officers. However, those agencies were unable to identify the officers.

On January 24, 2013, plaintiff failed to appear for a status conference before Judge Pohorelsky. After ascertaining that plaintiff had been notified of the conference, Judge Pohorelsky orally recommended that this action be "dismissed . . . for want of prosecution." Judge Pohorelsky also orally recommended that the action be dismissed for several other reasons.

---

[1] Although plaintiff's Amended Complaint also requests that the correction officer responsible for plaintiff's fall be arrested and tried for attempted murder, this Court does not have the power to grant that relief. "[C]riminal prosecutions are within the exclusive province of the public prosecutor, who has complete discretion over the decision to initiate, continue or cease prosecution." *Solomon v. H.P. Action Center, H.P.D.*, No. 99 Civ. 10352 (JSR), 1999 WL 1051092, at *1 (S.D.N.Y. Nov. 19, 1999).

Specifically, he noted that the United States Constitution prohibits this Court from awarding damages against the State of New York, that plaintiff could not sue the City of New York because plaintiff had not filed a timely notice of claim, and that plaintiff could not bring suit against any State or City employees in their individual capacities because (1) no employees had yet been identified and (2) any claims pursuant to 42 U.S.C. § 1983 would be time-barred.

On February 6, 2013, Judge Pohorelsky issued a Memorandum, attaching a transcript of the January 24, 2013, conference. That Memorandum advised plaintiff that the transcript "contain[ed] a report and recommendation that [his] case be dismissed." It further advised plaintiff that he had 14 days from the date he received the Memorandum in which to file objections.

On February 10, 2013, plaintiff sent a letter to Judge Pohorelsky, stating that he had "receive[d] the memorandum from the courts of the proceedings that took place on 1-24-13." Letter to Viktor V. Pohorelsky from Robert Grant, dated Feb. 10, 2013, at 1. Plaintiff's letter addresses Judge Pohorelsky's recommendation that the action be dismissed for failure to prosecute, stating:

> I asure [*sic*] you this is the first I have heard from the system about my court case in months. Since I file[d] my claim in 2008[,] I have heard and gotten nothing from the Court, but excuse's [*sic*] about dates and time . . . .

Plaintiff then engages in lengthy speculation about the motivations of the officers who pushed him downstairs, before concluding:

> Your Honor I could go on and on but I see it's a waste of time and energy dealing with close minded people full of dangerous pride. So I'll do not so much a good thing – but the right thing, and rest my case. [T]hat's what we adults do, without prejerdice [*sic*], or decrimernation [*sic*]."

2

## DISCUSSION

Although the concluding portion of plaintiff's letter suggests that plaintiff may be seeking to discontinue this action, this Court will construe plaintiff's letter as containing objections to Judge Pohorelsky's report and recommendation. Plaintiff's letter, however, raises objections only to the recommendation that plaintiff's action be dismissed for failure to prosecute. Plaintiff's letter does not address Judge Pohorelsky's other reasons for recommending dismissal.

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, even when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

This Court has reviewed those portions of the report and recommendation to which no objections have been filed. This Court fully concurs with Judge Pohorelsky's assessment of plaintiff's claims. Although it is unclear whether the officers who pushed plaintiff downstairs were State or City employees and unclear whether the officers are being sued in their official or individual capacities, it is clear that all conceivable claims are untenable. First, to the extent that plaintiff is suing the State and/or State employees acting in their official capacities, those claims are barred by the Eleventh Amendment of the United States Constitution. Under the Eleventh Amendment, a state, its agencies, and its employees acting in an official capacity cannot be sued for damages in federal court where, as here, the State has not given consent to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984).

Second, to the extent plaintiff is suing the City and/or City employees acting in an individual capacity, those claims are barred because of plaintiff's failure to file a timely notice of claim. Under New York law, a notice of claim is a condition precedent to bringing personal injury actions against municipal corporations, such as the City of New York, and their employees. *See* N.Y. Gen. Mun. Law §§ 50-e, 50-k(6). Moreover, New York General Municipal Law § 50-e(1)(a) provides that "[i]n any case founded upon a tort where a notice of claim is required by law as a condition precedent to the commencement of an action . . . against a public corporation . . . or any officer, appointee or employee thereof, the notice of claim shall . . . be served . . . within ninety days after the claim arises." At the January 24, 2013, conference, Assistant Corporation Counsel Krasnow acknowledged that the City had received a notice of claim from plaintiff, but not until June 16, 2010 – more than two and one-half years after the incident giving rise to this claim.

Third, while plaintiff might conceivably bring claims against State and City employees in their individual capacities pursuant to 42 U.S.C. § 1983, such claims would be barred by the statute of limitations. In New York, the statute of limitations for a § 1983 claim is three years. *See Harris v. City of New York*, 186 F.3d 243, 247-48 (2d Cir. 1999); *Okure v. Owens*, 816 F.2d 45, 49 (2d Cir. 1987). That three-year period begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002), *cert. denied*, 538 U.S. 922 (2003); *see also Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir. 1980). In this case, plaintiff's knew of the injury on September 17, 2007 – the date on which he was allegedly pushed downstairs – but did not bring suit until November 2010. There is nothing in the record to suggest any basis for equitable tolling. Even

4

assuming plaintiff's § 1983 claims were not time-barred, the individual employees involved in the incident have never been identified.

For these reasons, this Court finds no clear error in Judge Pohorelsky's determinations that the Eleventh Amendment barred plaintiff's claims against the State of New York and State employees acting their official capacities; that New York Law barred plaintiff's claims against the City of New York and City employees acting in their official capacities; and that plaintiff's claims pursuant to 42 U.S.C. § 1983 would be time-barred, even if plaintiff could identify the individuals involved in the incident. Accordingly, even if plaintiff could establish that he never received notice of the January 24, 2013, conference and that this action should not be dismissed for failure to prosecute, these determinations provide an independent and adequate basis for dismissing this action.

## CONCLUSION

For the reasons set forth above, this Court adopts those portions of Judge Pohorelsky's report and recommendation to which plaintiff has not specifically objected and dismisses this action. This Court notes that, because plaintiff failed to file timely objections to the portion of the report and recommendation which serve as the basis for dismissing this action, plaintiff has waived the right to appeal from this Memorandum and Order. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

/s/(SLT)

/SANDRA L. TOWNES
United States District Judge

Dated: May /6, 2013
Brooklyn, New York

5